## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

JUN – 2 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| **BARBARA SHUBERT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | **FILE NUMBER:** |
| | § | |
| **SCOPE PRODUCTS, INC. d/b/a** | § | |
| **RECONSERVE, INC.,** | § | |
| **RECONSERVE, INC. and** | § | **2:10-CV-0101 -WCO** |
| **RECONSERVE OF GEORGIA,** | § | |
| **INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

COMES NOW Plaintiff, Barbara Shubert, and shows this Court the following:

## INTRODUCTION

This is a civil rights action for money damages and equitable relief brought pursuant to the Equal Pay Act of 1963, 29 USC § 206 (d). Plaintiff was subjected to discriminatory treatment, including, but not limited to unequal pay, on the basis of her gender and was ultimately terminated because of her gender while Plaintiff was employed by the Defendant. Plaintiff seeks now seeks equitable relief, back

pay and compensatory and liquidated damages to remedy these civil rights
violations.[1]

## PARTIES, JURISDICTION AND VENUE

### 1.

This Court has subject matter jurisdiction of the claims herein pursuant to 28
U.S.C §1331, 28 U.S.C. §1337, and 29 U.S.C. § 216.

### 2.

Venue is proper pursuant to 28 U.S.C. §1391 and Local Rule 3.1, ND Ga.,
because the unlawful employment practices and the violations of Plaintiff's rights
alleged below were committed in this judicial district.

### 3.

The Defendant Scope Products, Inc. is a California corporation, operating as
a national animal feed manufacturer, with its principal place of business in Santa
Monica, California. Defendant conducts business, maintains facilities, and derives
substantial revenue in the State of Georgia where Defendant does business as
ReConserve, Inc.  Defendant has registered Reconserve of Georgia, Inc. as a

---

[1] Plaintiff filed a charge of discrimination naming Defendants as the Respondents
on or about April 13, 2010.  Said charge is currently pending before the EEOC.
Plaintiff intends to seek leave to amend this lawsuit at such time as the EEOC
issues to Plaintiff the right to sue

foreign corporation with the Georgia Secretary of State and has designated

Mitchell D. Foley, 4695 Radford Road, Flowery Branch, Georgia, 30542, as its

registered agent. The Defendant may be served through said registered agent after

which service the Defendant shall be subject to the *in personam* jurisdiction of the

Court, with venue being proper in this Court and division.

4.

The Defendant ReConserve, Inc. is a foreign corporation operating as an

animal feed manufacturer, with its principal place of business at 4695 Radford

Road, Flowery Branch, Georgia, 30542. Defendant has registered as a foreign

corporation with the Georgia Secretary of State and has designated Mitchell D.

Foley, 4695 Radford Road, Flowery Branch, Georgia, 30542, as its registered

agent. The Defendant may be served through said registered agent after which

service the Defendant shall be subject to the *in personam* jurisdiction of the Court,

with venue being proper in this Court and division.

5.

The Defendant ReConserve of Georgia, Inc. is a foreign corporation

operating as an animal feed manufacturer, with its principal place of business at

4695 Radford Road, Flowery Branch, Georgia, 30542. Defendant has registered as

3

a foreign corporation with the Georgia Secretary of State and has designated

Mitchell D. Foley, 4695 Radford Road, Flowery Branch, Georgia, 30542, as its

registered agent. The Defendant may be served through said registered agent after

which service the Defendant shall be subject to the *in personam* jurisdiction of the

Court, with venue being proper in this Court and division.

5.

Defendants have interrelated business operations.

6.

Defendants' Flowery Branch office serves as the Sales Office for Scope

Products, Inc.

7.

Defendants' Santa Monica office is the corporate office for all Scope

Products, Inc. businesses, including ReConserve, Inc. located in Flowery Branch,

Georgia.

8.

As indicated on the Scope Products, Inc. website, Scope Products Inc. does

business as Scope Products, Inc., ReConserve, Inc. (including ReConserve of

Georgia, ReConserve of Maryland, ReConserve of Indiana, ReConserve of Illinois,

4

ReConserve of Minnesota, ReConserve of Kansas and ReConserve of Colorado),

Recycle to Conserve, Inc. and International Processing Corporation.

9.

Plaintiff, Barbara Shubert, is a female citizen of the United States of

America and is a resident and citizen of the State of Georgia.

## STATEMENT OF FACTS AND CLAIMS

10.

Defendant is an "employer" as that term is defined in 29 U.S.C. § 203(d),

for purposes of coverage under the Equal Pay Act.

11.

Plaintiff, while working for the Defendant, was an "employee" as defined by

29 U.S.C. §203(e).

12.

Plaintiff was originally employed by International Processing Corporation,

which corporation was later acquired by Defendant Scope Products, Inc. in July,

1997.

13.

Plaintiff was employed by Defendants from July 1997 until she was

terminated on January 5, 2009.

14.

Plaintiff was employed by Defendants as a feed sales representative in the
Flowery Branch, Georgia office.

15.

Plaintiff's duties included negotiating feed sales contracts with her
respective customers, handling those issues necessary for making and effectuating
the sales, and acting as the initial contact person with her customers.

16.

Plaintiff's sales territories included Perth Amboy, New Jersey, Baltimore,
Maryland, Hodkins, Illinois (truck traffic), Terre Haute, Indiana, Kansas City,
Kansas, Duncanville, Texas, Denver, Colorado and two customers out of the
Flowery Branch, Georgia plant.

17.

During Plaintiff's employment by Defendants, Defendants also employed
male feed sales representatives.

18.

The male feed sales representatives' territories included Ontario, Canada,

Stockton, California, and Los Angeles, California.

19.

The male feed sales representatives and Plaintiff reported to the Vice President of Sales and Marketing, Dean Brady.

20.

Plaintiff and the male feed sales representatives performed duties substantially equal in skill, effort, and responsibility.

21.

Plaintiff and the male feed sales representatives performed similar duties, including but not limited to feed sales.

22.

Plaintiff had more bakery byproduct feed sales experience than the male sales representatives.

23.

Defendant did not afford Plaintiff the same pay, benefits and treatment afforded the male feed sales representatives.

24.

Plaintiff was paid less than male feed sales representatives

25.

Male feed sales representatives were allowed to participate in the benefits program applicable to managers. Yet, Plaintiff was denied that opportunity and was instead placed in the programs for hourly employees.

26.

Even though Plaintiff handled feed sales across the country she was not given the same travel privileges as the male employees handling feed sales.

27.

Absent a short period of time several years prior and the period of time after Mr. Brady left the Defendants' employment, Plaintiff was not provided with phone benefits routinely given to male employees handling feed sales.

28.

Plaintiff was never provided with automobile benefits given to male employees handling feed sales.

## COUNT ONE – EQUAL PAY ACT

29.

Plaintiff incorporates herein by reference paragraphs one (1) through and including twenty-eight (28) of this Complaint as though fully restated herein.

30.

Defendant's actions in paying lower wages and offering fewer monetary benefits to Plaintiff, a female, than to the male employees performing substantially similar work were willful.

31.

The effect of Defendant's above-stated actions has been to deprive Plaintiff of equal pay for equal work, in violation of the Equal Pay Act of 1963, 29 U.S.C § 206(d) and the Fair Labor Standards Act of 1928, 29 U.S.C. § 201 *et seq.*

32.

Plaintiff is entitled to actual and liquidated damages for Defendant's violations of the law.

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.     That process issue against Defendant as provided by law;

B.     That under Count One Plaintiff demands judgment, and asks that such judgment be awarded her against Defendant for actual and liquidated damages pursuant to the Equal Pay Act of 1963, 29 U.S.C § 206(d), and the Fair Labor Standards Act of 1928, 29 U.S.C. § 201 *et seq.*, and for attorneys' fees, costs and disbursements authorized thereunder.

9

C.   That this Court enjoin Defendant from any further discriminatory and

unlawful conduct and that this Court retain jurisdiction over this action until

Defendant has fully complied with the Orders of this Court and that the

Court require Defendant to file such reports as may be necessary for the

court to supervise compliance;

D.   That Plaintiff have trial by jury of the claims set forth herein; and

E.   That Plaintiff have such other relief as she is allowed by any and all

applicable laws applicable hereto, and as the Court deems proper and just.

This the 2nd day of June, 2010.

                                        **ORR BROWN JOHNSON LLP**

P.O. Box 2944
Gainesville, GA 30503                   KRISTINE ORR BROWN
770.534.1980 t
770.536.5910 f                          Georgia Bar No. 554630
kbrown@orrbrownjohnson.com              **ATTORNEY FOR PLAINTIFF**